UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN M. OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-336 |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff John M. Owen appeals to the district court[2] from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for a period of disability and Disability Insurance Benefits ("DIB"). (Docket # 1.) In short, because the Administrative Law Judge ("ALJ") did not commit legal error when discounting the functional capacity evaluation ("FCE") conducted by a physical therapist, a physical therapist's assistant, and an occupational therapist, the Commissioner's decision will be AFFIRMED.

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

Owen filed an application for DIB on May 2, 2003, alleging a disability onset date of

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security; therefore, Michael J. Astrue is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

[2] All parties have consented to the Magistrate Judge. *See* 28 U.S.C. § 636(c).

[3] The administrative record in this case is voluminous (209 pages), and the parties' disputes involve only small portions of it, namely whether the ALJ improperly discounted the FCE. Therefore, in the interest of brevity, this Opinion recounts only the portions of the record necessary to the decision and thus excludes a detailed account of the medical evidence.

October 28, 2002. (Tr. 31-33.) After his claim was denied initially and upon reconsideration, Owen requested an administrative hearing. (Tr. 17-18, 28.) On August 15, 2005, ALJ Frederick McGrath conducted a hearing at which Owen and a vocational expert testified. (Tr. 184-209.) The ALJ then rendered an unfavorable decision on May 18, 2006. (Tr. 8-16.) The Appeals Council denied Owen's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5.) Owen filed here on October 6, 2006, seeking review of the Commissioner's decision, and the matter is now fully briefed. (Docket # 1, 14-16.)

At the time of the ALJ's decision, Owen was forty-two years old and had a tenth-grade education. (Tr. 54.) His past employment experience includes working as a delivery driver, assembler, and factory laborer. (Tr. 49, 57, 79.) He claims he can no longer work due to a herniated cervical disk, degenerative cervical disk disease, and post rotator cuff repair on both shoulders. (Opening Br. of Pl. in Social Security Appeal Pursuant to L.R. 7.3 2.)

Owen's sole challenge in this appeal is that the ALJ improperly discounted the FCE performed on July 22, 2004, by a physical therapist, a physical therapist's assistant, and an occupational therapist. (Tr. 145-52.) In the FCE, the therapists opined that Owen is able to perform sedentary work, subject to the following restrictions: he is unable to leg lift, power lift, and overhead lift; he is able to push/pull while walking and shoulder lift five pounds occasionally, four pounds frequently, and three pounds constantly; he is able to carry with two hands three pounds occasionally, two pounds frequently, and one pound constantly; and he is able to carry with one hand three pounds occasionally, two pounds frequently, and two pounds constantly. (Tr. 150, 152.) Moreover, the therapists concluded that Owen can never bend, climb ladders, crawl, reach overhead, and perform fine hand activities; can infrequently squat and

2

kneel; and can occasionally climb stairs and reach forward. (Tr. 152.) Finally, although Owen can constantly sit or stand, the therapists opined that he is unable to maintain any position for very long and has to alternate frequently between sitting, standing, and lying down. (Tr. 150, 152.) When determining these limitations, the therapists performed numerous tests, including range of motion tests, manual muscle tests, repetitive movement tests, static strength tests, occasional material handling tests, and hand tests. (Tr. 146-49.)

The therapists further opined that Owen demonstrated minimal symptom/disability exaggeration, specifically noting that he was very focused on his pain, disabilities, and limitations in conversations held during the testing and in his responses to several of their pain questionnaires. (Tr. 150-51.) They wrote that although Owen had some definite physical limitations secondary to his injuries, he demonstrated some self-limiting behaviors that included being extremely guarded with his entire upper torso and experiencing "a lot" of referral pain and tightness throughout his body. (Tr. 151.)

Summarizing the results of the FCE, the therapists concluded that Owen performed a "valid" FCE with a "good and consistent" effort and noted that the results could be used in future medical and vocational planning. (Tr. 150.) They also wrote that Owen is very de-conditioned from months/years of inactivity. (Tr. 150.) Moreover, they noted that Owen had several periods of increased pain throughout the FCE; however, he declined an offer to use heat or ice in conjunction with lying down, indicating that he did not think it would help, and he also refused several opportunities to continue the FCE the next day to allow him to rest, stating that he wanted to "get it over with today." (Tr. 150.)

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id.* Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Nonetheless, "substantial evidence" review should not be a simple rubber-stamp of the Commissioner's decision. *Clifford*, 227 F.3d at 869.

## III. DISCUSSION

### A. Legal Framework

Under the Act, a claimant is entitled to DIB if he establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an

4

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether Owen is disabled as defined by the Act, the ALJ conducted the familiar five-step analytical process, which required him to consider the following issues in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. § 404, Subpt. P, App. 1; (4) whether the claimant is unable to perform his past work; and (5) whether the claimant is incapable of performing work in the national economy.[4] *See* 20 C.F.R. § 404.1520; *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## B. The ALJ's Decision

In a written decision issued on May 18, 2006, the ALJ determined that Owen was not disabled. (Tr. 10-16.) The ALJ decided in Owen's favor on steps one and two, finding that his degenerative disc disease and right shoulder and arm pain were severe impairments; however,

---

[4] Before performing steps four and five, the ALJ must determine the claimant's residual functional capacity ("RFC") or what tasks the claimant can do despite his limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. § 404.1520(e).

5

the ALJ found at step three that Owen did not meet or medically equal a listing. (Tr. 12-13.) He then ascertained that Owen had the following RFC:

> [T]he claimant has the residual functional capacity to perform less than the full range of light unskilled work. He can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for about six hours in an eight-hour workday and stand and/or walk for about six hours in a workday. He can perform work that has no driving job requirements, no climbing of ladders, ropes or scaffolds, and no work at unprotected heights or with dangerous machinery.

(Tr. 13.) When determining Owen's RFC, the ALJ "considered" the FCE, but "discounted" it, giving the "greatest weight" to the state agency medical consultants. (Tr. 15.)

Based on his RFC determination, the ALJ found at step four that Owen is capable of performing his past relevant work as an assembler as it is generally performed in the national economy. (Tr. 15.) Alternatively, the ALJ determined at step five that there are a significant number of jobs in the regional and national economies that he could perform, including a cashier, packager, folder, surveillance system monitor, coater-brake linings, and telephone quotation clerk. (Tr. 16.) Therefore, Owen was not entitled to DIB. (Tr. 16.)

Owen's sole challenge to the ALJ's decision is that he improperly discounted the FCE. This argument is unsuccessful because no legal error is discernable from the ALJ's decision and because the decision was otherwise supported by substantial evidence.

### C. The ALJ Did Not Improperly Discount the FCE

Because physical therapists and occupational therapists are not "acceptable medical sources," their opinions are not subject to analysis under the treating source rule and are therefore never entitled to controlling weight. 20 C.F.R. § 404.1513(a) (providing that licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are acceptable medical sources); 20 C.F.R. §

6

404.1527(a)(2), (d) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources . . . ."); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) (noting that the claimant was "wrong to argue that a physical therapists's report should be given controlling weight"); *Patterson v. Barnhart*, 428 F. Supp. 2d 869, 883 (E.D. Wis. 2006). Instead, the opinions of these therapists are categorized as "other sources" of evidence that an ALJ "may" use "to show the severity of [the claimant's] impairments and how it affects [the claimant's] ability to work."[5] 20 C.F.R. § 404.1513(d); *Stackhouse v. Chater*, No. 3:95-cv-934RP, 1996 WL 697936, at *11 (N.D. Ind. Nov. 1, 1996) (concluding that the ALJ could consider a physical therapist's opinion as that of an "other source").

Here, when rendering his decision that Owen is not disabled, the ALJ wrote: "Although the physical therapists' conclusion that the claimant is capable of sedentary work is considered a valid evaluation, the [ALJ] discounted it due to the therapists' impression that the claimant was exaggerating his limitations." (Tr. 15.) Owen insists that despite the fact that the therapists are not considered acceptable medical sources, the ALJ committed *legal error* when discounting the FCE, citing *Barrett* in support of this proposition.[6] There, the Seventh Circuit Court of Appeals found that the report of a physical therapists was "entitled to consideration." *Barrett*, 355 F.3d at 1067-68 (noting that if a claimant "has a chronic condition like arthritis or obesity ('chronic' implying not fully responsive to medical treatment), the question of ability to work becomes foremost and it is a question concerning which physical therapists have significant expertise"). In

---

[5] Moreover, insofar as the therapists concluded that Owen is limited to sedentary work subject to the specific restrictions listed *supra*, this opinion concerns an issue reserved to the Commissioner and is therefore "never entitled to controlling weight or special significance." SSR 96-5p; *see also* 20 C.F.R. §§ 404.1527(e).

[6] Generally, when an ALJ commits legal error, "reversal is required without regard to the volume of evidence in support of the factual findings." *Schoenfeld v. Apfel*, 237 F.3d 788, 797 (7th Cir. 2001).

addition, the Court concluded that for the ALJ "to give no weight at all to the physical therapist's report because [the claimant] had exaggerated her condition to the therapist . . . was arbitrary, since the therapist based her evaluation on physical tests and observation, not just on what [the claimant] told her." *Id.* at 1067.

Owen, however, fails to explain what specific "legal standard" was established by *Barrett* that would mandate a remand here, particularly in the absence of any other flaws in the ALJ's decision. *See Clifford*, 227 F.3d at 869. ("[W]e will reverse the Commissioner's findings only if they are not supported by substantial evidence *or if the Commissioner applied an erroneous legal standard*." (emphasis added)). Indeed, the *Barrett* Court remanded the case for at least four reasons, writing that "[t]he administrative law judge's analysis of [the claimant's] condition was so flawed that the case must be returned to the Social Security Administration for a fresh analysis of the evidence." 355 F.3d at 1067. The Court never indicated that the ALJ's handling of the physical therapist's report constituted *legal error* that, standing alone, would provide an adequate basis for remand.

Perhaps Owen is arguing that *Barrett* requires an ALJ to always consider a physical therapist's opinion. Even if this proposition is deemed a "legal standard," the ALJ fulfilled his obligation, as he devoted a full paragraph to summarizing the FCE and explicitly stated that he "considered" the FCE when rendering his RFC determination.[7] (Tr. 14-15.)

Owen might also be contending that an ALJ commits legal error whenever he "arbitrarily" gives no weight to a physical therapist's report. However, *Barrett* has not been cited

---

[7] Specifically, the ALJ wrote: "The undersigned also considered the report of the FCE, even though this opinion is not from an acceptable source." (Tr. 15 (citation omitted).)

8

by any court for that premise since the decision was issued over two-and-one-half years ago. Moreover, it is doubtful that the alleged "arbitrariness" of an ALJ's decision to discount a physical therapist's report would constitute legal error, as the social security regulations do not even require an ALJ to give a physical therapist's report any weight.[8] *See* 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), (d).

Thus, because the Court cannot discern any legal errors in the ALJ's decision, all that is left to determine is whether the ALJ's RFC determination was supported by substantial evidence. In that regard, the Commissioner maintains that the ALJ's decision was, in fact, supported by substantial evidence, an argument that Owen apparently does not refute. (Reply Br. 4 ("Thus, . . . the Commissioner is correct that this evidence might be substantial evidence to support a finding . . . .")).

Instead, Owen attempts to spin statements contained in the FCE to his own advantage, maintaining that these statements, which were cited by the ALJ, fail to indicate that he was exaggerating his symptoms to the therapists. For example, Owen maintains that his refusal to take the test the next day and his refusal of ice and heat while testing does not indicate exaggeration of his pain, but instead reveals "his determination to cooperate and complete the test." (Reply Br. 2.) However, Owen's arguments amount to nothing more than an invitation for the Court to substitute its judgment for that of the ALJ regarding the inferences to be drawn from the FCE, an invitation that the Court must decline. *Clifford*, 227 F.3d at 869 ("In our substantial evidence determination, we review the entire administrative record, but do not . . . substitute our

---

[8] In fact, Owen goes so far as to argue that "the opinions of physical therapists and the results of the FCE's [sic] they have performed are entitled to *significant weight*," (Reply Br. 3 (emphasis added)), a proposition that neither the regulations nor *Barrett* supports.

9

own judgment for that of the Commissioner."). Moreover, even if the Court gives Owen the benefit of his speculations concerning the FCE, the therapists still explicitly indicate that he was exaggerating his symptoms/disabilities, even if only at a minimal level. Thus, the ALJ's conclusion that "the therapists' impression [was] that the claimant was exaggerating his limitations" (Tr. 15) is not inherently flawed.

More importantly, Owen's specific contentions concerning the FCE have little impact on the other substantial evidence supporting the ALJ's RFC finding.[9] In that regard, Owen argues:

> [T]he Commissioner also [contends] that the ALJ relied upon objective medical evidence [and] the Plaintiff's testimony [regarding his inability to drive] in his finding and that this was substantial evidence to support his decision. But had the ALJ properly recognized the significance of the [FCE], it would have supported the testimony of the Plaintiff [regarding his other limitations] and constitutes important objective medical evidence about his work capabilities.

(Reply Br. 3-4 (citation omitted).) Ostensibly, Owen is not contesting the Commissioner's argument that the ALJ's opinion is supported by substantial evidence; instead, he is arguing that the FCE provides evidence in support of his claim for disability. However, "[t]he ALJ's decision must be affirmed if the findings . . . are supported by substantial evidence, even though some evidence may also support the claimant's argument." *Bednar v. Apfel*, 90 F. Supp. 2d 963, 971

---

[9] Owen's only attempt at arguing that the ALJ's RFC decision was not supported by substantial evidence comes in his Reply Brief, where he maintains that the ALJ improperly relied on the opinions of the state agency physicians. However, this argument comes too late and is therefore waived. *Damato v. Sullivan*, 945 F.2d 982, 988 n.5 (7th Cir. 1991) (emphasizing that "arguments that are raised for the first time in a reply brief are waived").

Even if the Court considers Owen's argument, it is unconvincing. Specifically, Owen contends that the state agency physicians reached their opinions after the FCE was performed and therefore did not consider it when rendering their opinions. Owen, however, provides no legal explanation or citation for why this results in the ALJ's improper reliance on these opinions. Moreover, insofar as the state agency physicians' opinions conflict with the FCE, the ALJ is required to weigh conflicting evidence, ultimately deciding which evidence to believe, and this Court does not resolve evidentiary conflicts. *Young v. Barnhart*, 362 F.3d 995, 1001-02 (7th Cir. 2004) (deeming unconvincing the claimant's complaint that the ALJ gave greater weight to an earlier mental examination than to one conducted later and concluding that "[w]eighing conflicting evidence from medical experts . . . is exactly what the ALJ is required to do").

(N.D. Ill. 2000) (citing 42 U.S.C. § 405(g); *Pope v. Shalala*, 998 F.2d 473, 480 (7th Cir. 1993)).

In sum, there is no discernable legal error in the ALJ's decision to discount the FCE. Furthermore, while nitpicking at the specific statements made in the FCE, Owen fails to argue why, in light of the other evidence the ALJ cites, the RFC determination is not supported by substantial evidence. *See Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (requiring the court to "give the opinion a commonsensical reading rather than nitpicking at it") (quoting *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000))).

## IV. CONCLUSION

For the foregoing reasons, the ALJ's decision is AFFIRMED. The Clerk is directed to enter a judgment in favor of the Commissioner and against Owen.

SO ORDERED.

Enter for August 1, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge